# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| DEREK SHOEMAKER | § |
| | § Civil Action No. 4:18-CV-94 |
| v. | § Judge Mazzant |
| | § |
| FLEXJET, LLC | § |
| | § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Flexjet, LLC's Motion to Dismiss Pursuant to Rule 12(b)(1) (Dkt. #9). After reviewing the relevant pleadings and motion, the Court finds that Defendant's motion should be denied.

## BACKGROUND

Beginning in December 2013, Plaintiff Derek Shoemaker served as the Director of Training for Defendant.[1] As a result of a forthcoming merger between Defendant and Flight Options, LLC ("Flight Options"), on March 31, 2016, Defendant sent Plaintiff information regarding a Voluntary Separation Package ("VSP"). Plaintiff alleges that on April 8, 2016, he spoke with Rick Handscuch ("Handscuch"), Defendant's Vice President of Flight Operations, who expressly offered Plaintiff inclusion in the VSP based on his status as an active pilot. According to Plaintiff, Handscuch reiterated the offer on April 15, 2016 and informed Plaintiff that he could accept via email. As a result, that same day, Plaintiff represents that he accepted Defendant's offer by email. Subsequently, Plaintiff accepted employment with Southwest Airlines. On or about May 17, 2016, Plaintiff alleges that Defendant claimed that Plaintiff did not qualify for participation in the VSP despite Plaintiff's prior acceptance.

---

[1] Plaintiff alleges that although in his role as Director of Training, he was also an active line pilot.

On November 27, 2017, Plaintiff filed suit against Defendant in state district court, which Defendant removed to federal court on February 9, 2018. Subsequently, on March 12, 2018, Plaintiff filed an Amended Complaint alleging breach of contract and promissory estoppel (Dkt. #8). On March 20, 2018, Defendant filed a Motion to Dismiss Pursuant to Rule 12(b)(1) (Dkt. #9). On April 3, 2018, Plaintiff filed his response (Dkt. #11). On April 10, 2018, Defendant filed its reply (Dkt. #13). On April 16, 2018, Plaintiff filed his sur-reply (Dkt. #14).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain

that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane*, 529 F.3d at 557.

## ANALYSIS

Defendant avers that the Court lacks subject matter jurisdiction because the issue at hand constitutes a "minor dispute" under the Railway Labor Act ("RLA"), which maintains that the exclusive forum for resolving such disputes is arbitration. Conversely, Plaintiff argues that his claims are not preempted by the RLA because the VSP is not a collective bargaining agreement ("CBA"). Alternatively, Plaintiff contends that his claims do not rely on the VSP, but instead on Defendant's independent and verbal offers to include him in the VSP.

**I.  Whether the VSP Constitutes a CBA.**

Plaintiff contends that based on collateral estoppel and a ruling in the Northern District of Ohio, the VSP is not a CBA, making the RLA inapplicable. Defendant responds that the VSP cannot be separated for examination, as it is part of the process that ultimately ended in the Memorandum of Understanding ("MOU").[2] Additionally, Defendant claims even if the VSP is viewed independently, Defendant rescinded such document.

In 2016, Defendant and Flight Options (collectively, the "Carriers") were involved in litigation against the International Brotherhood of Teamsters Local 1108 ("Pilots Union") in the Northern District of Ohio (the "Ohio Court"). In pertinent part, the Ohio Court found that the Carriers were required to negotiate the VSPs with the Pilots Union and failed to do so. *Flight Options, LLC v. Int'l Bhd. of Teamsters, Local 1108*, No. 1:16-cv-00732, 2016 WL 2996224, at *9–*10 (N.D. Ohio May 25, 2016), *aff'd in part, vacated in part*, 863 F.3d 529 (6th Cir. 2017) *cert. denied*, 138 S. Ct. 941 (2018). As such, the Ohio Court held that the VSPs violated the CBA.

---

[2] The MOU constitutes the final bargained-for CBA.

*Id.* As a result, the Ohio Court ordered the Carriers to rescind all VSP offers and bargain in good faith with the Pilots Union. *Id.* at *10. The Carriers failed to do so. *Flight Options, LLC v. Int'l Bhd. of Teamsters, Local 1108*, No. 1:16-cv-00732, 2017 WL 343346, at *4–*5 (N.D. Ohio Jan. 24, 2017), *aff'd in part, vacated in part*, 863 F.3d 529 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 941 (2018). On October 24, 2016, the Pilots Union filed a motion to hold the Carries in contempt for violating the Ohio Court's order. The Ohio Court found that "the Carriers violated the Court's May 25, 2016 order by failing to rescind the VSP for pilots that had previously accepted the VSP and resigned." *Id.* However, because the Pilots Union later withdrew its request for a remedy regarding pilots who had already accepted the VSP prior to the Ohio Court's order, the Ohio Court denied as moot the Union's request to hold the Carriers in contempt of court. *Id.* at *5.

In summary, the Carriers issued VSPs to pilots without bargaining with the Pilots Union, making such VSPs invalid under the CBA. The Ohio Court ordered the Carriers to rescind the VSPs. Ultimately, the Carriers rescinded all VSPs except those accepted by pilots prior to the Ohio Court's initial order, which the Ohio Court found permissible.

Based on the discussed Ohio Court rulings, Plaintiff requests that the Court apply collateral estoppel and find that the VSP, as it relates to Plaintiff, is not a CBA because the Carriers did not negotiate or bargain for it. Defendant contends that the VSP, prior to the MOU, cannot be independently examined because it is part of the process that led to the MOU. However, even if independent, Defendant claims that such offer is void as a matter of law because the Ohio Court compelled the Carriers to rescind such VSPs.

In determining whether collateral estoppel is applicable, a court examines whether "(i) the issue at stake is identical to the one involved in the prior litigation, (ii) the determination of the issue in the prior litigation was a critical, necessary part of the judgment in that earlier action, and

4

(iii) special circumstances exist which would render preclusion inappropriate or unfair." *McDuffie v. Estelle*, 935 F.2d 682, 685 (5th Cir. 1991). Although complete identity of the parties in the two suits is not required, "one 'special circumstance' which would counsel against the application of offensive collateral estoppel would operate when the defendant did not have an incentive to litigate the issue vigorously in the prior proceeding." *Id.*

Here, Defendant failed to respond to or address Plaintiff's argument that collateral estoppel prevents litigating the issue of whether the VSP is equivalent to the MOU. Instead, Defendant focuses on the substance of the Ohio Court's rulings. Specifically, Defendant avers that the Ohio Court held that the VSP constituted part of the collective bargaining process. In other words, Defendant contends that because the original VSP led to the ultimate MOU, the two are one in the same. Based on Defendant's response, the Court assumes that Defendant concedes the applicability of collateral estoppel, i.e. the Ohio Court's rulings.[3] *See* LOCAL RULE CV-7. As explained above, the Ohio Court found that the original VSP offers violated the CBA and thus required the Carriers to rescind such offers and to bargain in good faith. *Flight Options, LLC*, 2016 WL 299622, at *9–*10. The Court finds that based on the Ohio Court's orders, it is clear that the original VSP offers do not constitute the later negotiated MOU, which abides with the CBA. To find otherwise would be inconsistent with the Ohio Court's holding. Although some terms in the MOU may mirror those in the original VSP, such similarities do not make the two documents one in the same.

---

[3] Even if the Court did not assume Defendant's concession of the applicability of collateral estoppel, such application is proper. Specifically, the issue of whether the VSP abided by the CBA is identical between the Ohio Court and the case at hand, determination of such issue was necessary in the Ohio Court, and no special circumstances exist which would render preclusion inappropriate or unfair.

5

Defendant argues that if the VSP is not part of the MOU, Plaintiff's claims evaporate because the Ohio Court ordered the Carriers to rescind that program and collectively bargain over it. As discussed above, the Carriers failed to abide by the Ohio Court's order and did not rescind the VSP for pilots who had previously accepted the VSP. *Flight Options, LLC*, 2017 WL 343346, at *4. Because the parties agreed, the Ohio Court permitted an exception to its order. Specifically, the order to rescind does not apply to VSP offers previously accepted by pilots prior to the Ohio Court's order. *Id.* at *4–*5. Defendant contends that Plaintiff does not fall within this exception because Plaintiff neither accepted the agreement nor received benefits prior to the Ohio Court's order. Plaintiff responds that he accepted the agreement and did not receive benefits because Defendant breached the agreement. Looking to Plaintiff's amended complaint, Plaintiff alleges that he accepted the VSP, prior to the Ohio Court's order, and Defendant later declined to provide Plaintiff with the necessary benefits. *See* (Dkt. #8). Because the Court accepts as true all well-pleaded allegations set forth in the complaint and construes those allegations in the light most favorable to the plaintiff, the Court finds Plaintiff falls within the aforementioned exception. *See Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994).

Although Defendant contends that the RLA maintains exclusive jurisdiction over Plaintiff's claims, because the Court finds that the VSP, allegedly offered to and accepted by Plaintiff, is not a CBA, the RLA is inapplicable. *See Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 256 (1994). As such, jurisdiction is proper before the Court.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1) (Dkt. #9) is hereby **DENIED**.

**SIGNED this 14th day of August, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE